UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*ELECTRONICALLY FILED*

| | |
|---|---|
| STATE FARM FIRE & CASUALTY COMPANY | Civil Action No. 3:19-cv-151-CHB |
| and | |
| BRIAN ARENDS | |
| and | |
| ANN ARENDS | |
| PLAINTIFFS | |
| v. | |
| AMAZON.COM, INC. | |
| and | |
| SAMSUNG SDI CO., LTD. | |
| DEFENDANTS | |

## NOTICE OF REMOVAL

Defendant, Amazon.com, Inc. ("Amazon"), hereby provides notice, pursuant to 28 U.S.C. §§ 1441 and 1446, of its removal of the above-captioned case from the Circuit Court of Jefferson County, Kentucky, to the United States District Court for the Western District of Kentucky, Louisville Division. This case is removable because this Court would have jurisdiction under 28 USC § 1332 if it were originally filed here, in that there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

1

143462741.1

## BACKGROUND

1.  On February 4, 2019, Plaintiffs, State Farm Fire & Casualty Company ("State Farm"), Brian Arends, and Ann Arends (collectively, "Plaintiffs"), filed a civil action in the Circuit Court for Jefferson County, Kentucky, styled as *State Farm Fire & Casualty Company and Brian Arends and Ann Arends v. Amazon.com, Inc. and Samsung SDI Co. Ltd., et al.*[1]

2.  The Complaint alleges that State Farm issued and had in force and effect a homeowner policy of insurance which provided coverage on real and personal property owned by Plaintiffs, Brian Arends and Ann Arends ("the Arends"), and which was subject to a $2,400.00 deductible.[2] The Complaint alleges that on November 18, 2015, one Helen Walter ordered two electronic hoverboards from Amazon's website, which were subsequently given to the Arends' children as Christmas presents for the year 2015.[3] The Complaint alleges that on February 5, 2017, one of the hoverboards caught fire while it was charging, which caused the Arends' residence, which State Farm insured, to suffer fire damage.[4] The Complaint alleges that the subject hoverboard and the battery pack that accompanied it were unreasonably dangerous and defective,[5] that Amazon sold the hoverboard to Ms. Walter,[6] that Samsung SDI Co., Ltd. ("Samsung") was the manufacturer of the battery pack accompanying the hoverboard,[7] and that the manufacturer of the hoverboard is unknown.[8]

3.  The Complaint alleges that as a direct and proximate result of the fire, the Arends incurred damage to their residence in the amount of $471,484.83, damage to their personal

---

[1] *See* Complaint attached as part of Exhibit A, the complete state court file.
[2] *See* Complaint, pp. 1-2, ¶ 1, attached as part of Exhibit A.
[3] *See* Complaint, p. 2, ¶¶ 4 & 6, attached as part of Exhibit A.
[4] *See* Complaint, p. 2, ¶ 7 and p. 8, ¶ 42, attached as part of Exhibit A.
[5] *See* Complaint, p. 2, ¶ 8 and p. 3, ¶ 13, attached as part of Exhibit A.
[6] *See* Complaint, p. 2, ¶¶ 4 and 8, attached as part of Exhibit A.
[7] *See* Complaint, p. 3, ¶ 9, attached as part of Exhibit A.
[8] *See* Complaint, p. 2, ¶ 5, attached as part of Exhibit A.

property in an amount exceeding $238,378.92, and "additional living expenses" in the amount of $96,973.68.[9]

4.  The Complaint alleges that pursuant to the subject policy of insurance, State Farm paid the Arends the sum of $804,837.43 for the damage to their real property, personal property, and additional living expenses, and "thereby became subrogated in that amount."[10] The Complaint further alleges that "claims remain pending for damages to personal property," and thus additional payments by State Farm to the Arends are possible.[11]

5.  The Complaint asserts product liability claims and strict liability claims against Amazon and SDI (collectively, "Defendants").[12] The Complaint specifies that State Farm is seeking damages against Defendants, jointly and severally, "in the amount of $804,837.43, and in an amount yet to be determined based upon the additional payments [State Farm] expects to make in this case."[13] The Complaint specifies that the Arends are seeking damages against Defendants, jointly and severally, in the amount of $2,400.00, plus costs and interest.[14]

6.  Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a), because the United State District Court for the Western District of Kentucky, Louisville Division, is the federal judicial district and division embracing the Circuit Court of Jefferson County, Kentucky, where this action was originally filed.

---

[9] *See* Complaint, p. 8, ¶¶ 42-44, attached as part of Exhibit A.
[10] *See* Complaint, p. 8, ¶ 46, attached as part of Exhibit A.
[11] *See* Complaint, p. 9, ¶ 47, attached as part of Exhibit A.
[12] *See* Complaint, pp. 9-19, attached as part of Exhibit A.
[13] *See* Complaint, p. 20, attached as part of Exhibit A.
[14] *See* Complaint, p. 20, attached as part of Exhibit A.

7. Removal is timely because this Notice of Removal is being filed within 30 days of service of summonses and copies of the Complaint upon Defendants.[15] Amazon was served on February 8, 2018.

8. By filing this Notice of Removal, Defendants do not waive their right to assert any defenses to which they may be entitled.

9. As discussed below, this Court has original jurisdiction under 28 U.S.C. § 1332, and this case is removable under 28 U.S.C. § 1441.

## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN PLAINTIFFS AND DEFENDANTS

10. The Arends are residents and citizens of Kentucky.[16]

11. State Farm's state of incorporation is Illinois and its principal place of business is in Illinois. It is therefore a citizen of Illinois.

12. Amazon is a corporation whose state of incorporation is Delaware and principal place of business is in Seattle. It is a citizen of Delaware and Washington.

13. Samsung is a corporation. According to the Complaint, Samsung is a Korean corporation. Samsung has its principal place of business in South Korea. Thus, Samsung is a citizen of South Korea.

14. Based upon the foregoing, there is complete diversity of citizenship between Plaintiffs and Defendants.

## THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

15. The amount-in-controversy requirement is satisfied. Under 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is based on diversity of citizenship

---

[15] *See* 28 U.S.C. § 1446(b)(1); *Murphy Bros., Inc. v. Michetti Pip Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).
[16] The Complaint specifies they reside and own real and personal property in Kentucky. *See* Complaint, p. 2, ¶ 1, attached as part of Exhibit A.

must exceed $75,000, exclusive of interest and costs. The Complaint specifies that State Farm is seeking damages against Defendants in an amount exceeding $800,000;[17] thus, the amount-in-controversy in this case exceeds $75,000. That the damages sought by the Arends do not exceed $75,000 does not change the analysis; where one plaintiff seeks damages exceeding $75,000, exclusive of interest and costs, and another plaintiff does not, the amount-in-controversy requirement is satisfied. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005); *Engstrom v. Mayfield*, 195 Fed. App'x 444, 448 (6th Cir. 2006) ("'[W]here the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction.") (quoting *Exxon*).

## REMOVAL IS APPROPRIATE

16. In light of the foregoing, this case is properly removable to federal court.

17. In accordance with 28 U.S.C. § 1446(a), attached hereto as Exhibit A is a complete copy of all process, pleadings, and orders served on Defendants in the state court action.

18. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiffs and filed with the Circuit Court of Jefferson County, Kentucky, Division 13.

19. At the time of the filing of this Notice of Removal, Samsung has not been properly joined and served, and thus Samsung's consent to the removal of this action is not required. *See* 28 U.S.C. § 1446(b)(2).

---

[17] *See* Complaint, p. 20, attached as part of Exhibit A.

BOEHL STOPHER & GRAVES, LLP

*/s/ Todd P. Greer*
Edward H. Stopher
Todd P. Greer
400 West Market Street, Suite 2300
Louisville, KY 40202
Phone: (502) 589-5980
Fax: (502) 561-9400
*Counsel for Defendant, Amazon.com, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of March, 2019, a copy hereof was electronically filed. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. It is further certified that a true copy was served via U.S. mail upon the following:

Samuel A. Gradwohl
MARKESBERY & RICHARDSON CO., L.P.A.
110 E. Third Street
Lexington, Kentucky 40508
gradwohl@m-r-law.com
*Counsel for Plaintiff*

*/s/ Todd P. Greer*
*Counsel for Defendant, Amazon.com, Inc.*

143462741.1